IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela C.,[1] | C/A No. 5:23-cv-1742-SAL |
| Plaintiff, | |
| v. | ORDER |
| Martin O'Malley, | |
| Defendant. | |

This matter is before the court for review of the April 19, 2024 Report and Recommendation of United States Magistrate Judge Kaymani D. West (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 13.] In the Report, the magistrate judge recommends the Commissioner's final decision denying Plaintiff's claim for Supplemental Security Income ("SSI") be reversed and remanded for an award of benefits. *Id.* The Commissioner filed timely objections to the Report. [ECF No. 14.] Plaintiff replied. [ECF No. 15.] For the reasons outlined herein, the court adopts the Report, reverses the Commissioner's decision, and remands this matter for an award of benefits.

**STANDARD OF REVIEW**

The scope of federal court review under 42 U.S.C. § 405(g) is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended due to significant privacy concerns in social security cases

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison*, 305 U.S. at 229).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to the court. The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report, this court is not required to explain its reasons for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). It must "only satisfy itself that there is no clear error on the face of the

---

that federal courts refer to claimants only by their first name and last initials in court opinions.

record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. [ECF No. 14.] To summarize, in January 2017, Plaintiff protectively filed an application for SSI alleging her disability began on January 22, 2016. Tr. 172, 211. Plaintiff's application was denied initially and on reconsideration, and then an administrative law judge ("ALJ") denied her claim in December 2018. Tr. 11–24, 71, 94. Plaintiff appealed to this court, and the court reversed the ALJ's decision and remanded this case for further proceedings. Tr. 614–16. While her appeal was pending, Plaintiff filed a new claim for SSI on March 11, 2020. Tr. 876–84. Her old and new claims were consolidated on remand by the Appeals Council. Tr. 622.

Following an administrative hearing, on September 15, 2022, ALJ Tammy Georgian issued a decision denying Plaintiff's claim. Tr. 478–94. The ALJ found Plaintiff had the following severe impairments: obesity, migraine headaches, anxiety, depression, and attention deficit hyperactivity disorder ("ADHD"), Tr. 483, but, ultimately, the ALJ concluded Plaintiff had not been under a disability since December 2016, Tr. 494. The September 2022 decision is the Commissioner's final decision for purposes of judicial review and is the subject of this action.

### The Report and the Commissioner's Objections

After thoroughly reviewing the decision and the record, the magistrate judge concluded the ALJ improperly evaluated medical opinions by Dr. Michael Smith, Plaintiff's doctor at

3

Walterboro Family Practice. The record includes four separate medical opinions from Dr. Smith:

- In February 2017, Dr. Smith offered an opinion that Plaintiff had adequate abilities in a number of different areas considering her mental impairments of depression and ADHD. Tr. 376.

- In April 2018, Dr. Smith opined that Plaintiff's impairments, which caused severe intractable headaches, rendered her incapable of even low stress work, would require more unscheduled breaks during an 8-hour workday than the usual 3 breaks, and would result in her absence from work more than 4 days per month. Tr. 391–95.

- In November 2020, Dr. Smith offered another opinion based on Plaintiff's mental condition. He again opined that Plaintiff had adequate abilities in a number of different areas considering her mental impairments. Tr. 1320.

- And, in May 2022, Dr. Smith offered a detailed description of Plaintiff's condition, describing her headaches as "debilitating" and further opining that "[i]n light of this intractable condition, if [Plaintiff] attempted to work she would miss hours out of the working portion of any work day and days out of any work month." Tr. 1392.

In her decision, the ALJ gave partial weight to the February 2017 opinion, little weight to the April 2018 opinion, an unspecified amount of weight to the November 2020 opinion, and little weight to his May 2022 opinion. Tr. 490–92. As detailed in the Report, the magistrate judge found the ALJ's evaluation of Dr. Smith's 2018 and 2022 opinions was not supported by substantial evidence. [ECF No. 13 at 17–24.] Further, the magistrate judge noted "Plaintiff's case has been pending for almost eight years and she still has no resolution on her claim." *Id.* at

24. The magistrate judge thus recommends the Commissioner's decision be reversed and this matter be remanded for an award of benefits. [ECF No. 13.]

The Commissioner objects on two bases. Initially, he seems to object to the Report's conclusion that the ALJ's analysis of Dr. Smith's opinions was not supported by substantial evidence. [ECF No. 14 at 2.] But, primarily, the Commissioner objects to the recommendation that this case be remanded for an award of benefits. The Commissioner argues that "this is not the rare case in which it is clear that an ALJ decision denying benefits, properly explained, could not be supported by substantial evidence in the record." [ECF No. 14 at 1 (cleaned up).] In large part, the Commissioner relies on *Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 (4th Cir. Feb. 1, 2022), a case where the Fourth Circuit agreed with a district court that remand for further proceedings, not for an award of benefits, was the appropriate remedy when "'there is at least conflicting evidence in the record' bearing on the ALJ's RFC assessment." 2022 WL 301540, at *5.

Analysis

The court concludes both that the ALJ's decision was not supported by substantial evidence and that remanding for an award of benefits is the proper course here. Underlying those conclusions is the fact that, based on the date of Plaintiff's application, the "treating physician rule" is applicable in this case. According to the "treating physician rule," an acceptable medical source's opinion should be accorded controlling weight if it is "well-supported and not inconsistent with the other substantial evidence in the case record." SSR 96-2; *see also Mastro v. Apfel*, 270 F.3d 171 (4th Cir. 2001); 20 C.F.R. § 416.927(c)(1) (indicating the agency "will give" a treating source's medical opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with

other substantial evidence in [the] case record"). Neither the ALJ's decision nor the Commissioner's objections adequately account for the treating physician rule, but the Report explains, and this court agrees, that the application of that rule to the facts of this case compels a remand for an award of benefits.

To begin, the court must look to the reasons offered by the ALJ for discounting the 2019 and 2022 opinions by Dr. Smith. As explained in the Report,

> The ALJ's reasons for assigning Dr. Smith's opinions little weight were because she found they were not supported by his treatment notes, especially those noting that Plaintiff's headache medication provided good results; his opinions were not supported by objective abnormalities; the opinions were not supported by neurological or psychological examinations; and his statements regarding Plaintiff's inability to work were vague, overly broad, and inconsistent with evidence noting improvement with Botox injections.

[ECF No. 13 at 19 (citing Tr. 491–92) (footnote omitted).] The Commissioner's objections echo the same reasoning in the ALJ's decision—that is, Dr. Smith's own treatment records failed to support his disability opinions; his November 2020 opinion contradicted his 2018 and 2022 opinions; and other treatment records also failed to support his opinions. [ECF No. 14 at 3–4.] But inspection of the medical records themselves does not support the conclusions reached by the ALJ and now argued by the Commissioner.

The Report well explains why the so-called inconsistencies identified by the ALJ are not actually inconsistent with Dr. Smith's opinions. [ECF No. 13 at 19–24.] For example, the ALJ found Dr. Smith's notes were contradictory in that he "noted that [Plaintiff's] medication regimen for migraines provided good results[,] . . . [but] he then contradictorily stated that [Plaintiff] had been on numerous medications for her migraines with no relief." Tr. 491.[2] However, as explained by the magistrate judge, those notes were, in fact, not contradictory when

---

[2] The ALJ only offered a general citation to Dr. Smith's treatment records for this finding, so it is

properly viewed in context of the record. [ECF No. 13 at 21.] In fact, on numerous occasions Dr. Smith noted Plaintiff was on Norco for *pain relief*, but also, Plaintiff tried many medications for the *prevention* of migraines with no success. *See* Tr. 409, 425–26, 429, 431. Additionally, the notes from Plaintiff's neurologist confirmed that Plaintiff had tried multiple preventative medications with no success until Botox. Tr. 1512 ("Plaintiff already failed multiple preventative medications in the past including Topamax, Nortriptyline, Depakote, propranolol, Zonisamide, Levetiracetam and Effexor."). Likewise, notations that Norco provided "good results" for Plaintiff's pain relief are also not inconsistent with Dr. Smith's opinions on Plaintiff's functional limitations where it appears that medication reduced Plaintiff's migraine pain from a 9–10/10 to a 3–5/10. *See* Tr. 425–26. Indeed, Dr. Smith's 2018 and 2022 medical opinions are both well-supported and not inconsistent with his own notes from Plaintiff's visits.

The ALJ also highlighted Plaintiff's Botox treatments as a reason for giving little weight to Dr. Smith's opinions. Tr. 490–91. Specifically, Dr. Smith opined that an inoperable cyst was the cause of Plaintiff's headaches, *see* Tr. 1392, but even assuming that to be the case, the ALJ relied on "recent treatment notes indicat[ing] [Plaintiff] has reported 70% relief from Botox injections lasting 11–12 weeks and that she is receiving recurrent Botox injections for her head pain[,]" Tr. 491. Again, a review of the record undermines the ALJ's reasoning. Records from neurology indeed state that Plaintiff received 70% relief from Botox injections, and that relief lasted 11–12 weeks, but they also indicate it took about two weeks for the Botox to "kick in." Tr. 1452, 1593, 1675. And, according to those same records, Plaintiff had daily headaches before Botox. Tr. 1512. As pointed out by the magistrate judge, "[f]or a 30-day period, even with 70% improvement, Plaintiff would still have over four days of headaches." [ECF No. 13 at

unclear exactly what records she was referring to.

7

22.] Contrary to the ALJ's assessment, the neurology records are not inconsistent with Dr. Smith's opinions that Plaintiff would be absent from work more than four days per month. *See* Tr. 391–95.

Finally, to the extent the Commissioner argues that Dr. Smith's November 2020 opinion contradicts his other opinions, the court notes that the November 2020 opinion specifically asks about functional limitations due to mental impairments. Tr. 1320. And, when asked about Plaintiff's abilities "[c]onsidering [Plaintiff's] mental impairments," Dr. Smith indicated she had an adequate ability to complete basic activities of daily living, to relate to others, and to complete both simple, routine and complex tasks. *Id.* Dr. Smith listed Plaintiff's mental diagnoses as depression, anxiety, and ADHD. *Id.* This opinion is not contradictory to Dr. Smith's other opinions as his November 2020 opinion was related to Plaintiff's functional abilities based on her mental condition. The 2018 and 2022 opinions were related to Plaintiff's abilities based on her pain from chronic migraines. *See* Tr. 391–95, 1392.

Based on the above reasoning and that set forth in the Report, the court adopts the recommendation that this matter be reversed because the ALJ's analysis of Dr. Smith's opinions was not supported by substantial evidence.

Beyond that, the court also finds it appropriate to remand for an award of benefits. The Commissioner contends that "the R&R did not explain why this case qualifies as the 'unusual case.'" [ECF No. 14 at 5.] He offers the Report only recommended this case be remanded for an award of benefits based on the procedural history. *Id.* Not so. The Report very thoroughly addressed why the ALJ's decision was not supported by substantial evidence, ultimately concluding "[a] review of the medical evidence related to Plaintiff's headaches, both from Dr. Smith and from Plaintiff's neurologist, demonstrates a lack of substantial evidence to support a

finding that Plaintiff can perform a full range of work on a regular and continuing basis." [ECF No. 13 at 17–24.] The Commissioner argues "there was at least conflicting evidence in the record[,]" and, as a result, this is not the type of case that should be remanded for an award of benefits. *Id.* at 4. The court disagrees for the same reasons set forth in the Report and above.

The Commissioner relies upon *Carr*. *Id.* But, notably, *Carr* concerned an ALJ's failure "to provide a logical explanation connecting his conclusions about Carr's RFC to the record evidence[,]" 2022 WL 301540 at *2, not the treating physician rule, which requires that a treating source's medical opinion be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record," 20 C.F.R. § 416.927(c)(2). Based on the record and the treating physician rule, the court is compelled to find substantial evidence "clearly establishes" that Plaintiff is disabled within the meaning of the Social Security Act. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 111 (4th Cir. 2020) ("Federal courts, including this Court, have awarded disability benefits without remand [for a hearing] where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose."). Additionally, since *Carr*, the Fourth Circuit has issued published opinions in which it has remanded cases for award of benefits "'where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose'" and only "'delay justice.'" *See Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 369 (4th Cir. 2023) (quoting *Arakas*, 983 F.3d at 105, 111); *Easterbrook v. Kijakazi*, 88 F.4th 502 (4th Cir. 2023) (finding treating source's opinion should have been given controlling weight and reversing and remanding "for a determination consistent with this opinion"). For all of these reasons, the Commissioner's objections are overruled.

9

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record in this case, the court adopts the Report, ECF No. 13, reverses the Commissioner's decision, and remands this case for an award of SSI benefits.

**IT IS SO ORDERED.**

August 5, 2024
Columbia, South Carolina

Sherri A. Lydon
United States District Judge